## (December 30, 1965)

■ MAYES COMPANY, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40037.) — Per Curiam. The State of New York appeals from a judgment of the Court of Claims awarding damages to claimant in the sum of $284,000, with interest, for the permanent appropriation of land for

highway purposes. Prior to the taking claimant's property consisted of slightly more than 4.5 acres of land situate in the Village of Fleischmanns, Delaware County, and improved by buildings housing machinery used in the manufacture of hardwood veneer. Within the confines of the appropriated area there was a spring-fed pond comprising about one half acre of land, the waters of which had sufficed the needs of claimant in the manufacturing process. To avoid the consequences which would follow the loss of the water supply both parties introduced evidence of the " cost of cure." This method the trial court adopted as the basis for its finding of damages. Claimant's proof, which the court below accepted *in toto*, contemplated the purchase from the Village of Fleischmanns of a sufficient quantity of water to operate the plant at an annual expense of $10,000 which claimant's expert witness protracted over a period of 20 years for a total cost of $200,000, which sum was included in the award as representing the " amount required to realize annual expense by capitalization @ 5%." To this figure was added the cost of tapping the municipal water system and of constructing water storage and demineralization and dealkalization facilities aggregating $84,000. The capitalization process employed here was without rational basis. That portion of the award based on the cost of the substitute water supply for the 20-year period adopted by claimant should have been determined by ascertaining the present value of the yearly expense item and not by simply multiplying 20 years by $10,000. Recognized tables for computing present values at the given annual rate for the period involved reveal a figure which is considerably less than $200,000. Regard for this proper method of computation and an evaluation of the record as a whole lead us to the conclusion that claimant's total damages did not exceed the sum of $234,000. Judgment modified, on the law and the facts, by reducing the award to $234,000, with appropriate interest, and, as so modified, affirmed, with costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [44 Misc 2d 1043.]